UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ALLEN OLRICH,

    Plaintiff,

v.                                                                Case No. 18-cv-1980-pp

KENOSHA COUNTY, *et al.*,

    Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR TIME TO FILE AMENDED COMPLAINT MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT (DKT. NO. 16), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PLAINTIFF REQUEST LEAVE OF THE COURT TO FILE AN AMENDED COMPLAINT (DKT. NO. 17), SCREENING AMENDED COMPLAINT (DKT. NO. 17-1) AND DISMISSING FOR FAILURE TO STATE A CLAIM**

    In December 2018, the plaintiff filed a complaint against nine defendants, alleging that officials at the Kenosha County Jail served him spoiled meat and that he became sick from it. Dkt. No. 1. About eight months later, he filed a document titled "Motion for Leave to File Amended Complaint," asking the court to defer issuing any screening orders until he could file amended complaints in his cases; he also asked the court to consolidate this case with another of his cases, Case No. 18-cv-1985. Dkt. No. 13. A few weeks later, he filed an amended complaint. Dkt. No. 14.

    In an order dated March 11, 2020, the court denied the "Motion for Leave to File Amended Complaint" because the proposed amended complaint (Dkt. No. 14) raised unrelated claims in the same suit. Dkt. No. 15 (citing George v.

1

Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .")). The court denied the motion to consolidate for the same reason—this case involves allegations that jail staff fed the plaintiff spoiled meat, while Case No. 18-cv-1895 involves allegations of sexual harassment. Id. at 3. Because the court did not consolidate the cases or allow the plaintiff to amend the complaint, the original complaint remained the operative complaint and that is the complaint the court screened in its March 11, 2020 order. Id. at 4-12.

In screening the complaint, the court found that the plaintiff had failed to state a claim. Id. As to the plaintiff's claim that he "kept" being fed spoiled meat and that one day it made him sick, the court noted that occasional instances of food contamination did not constitute deliberate indifference. Dkt. No. 15 at 7. The court explained to the plaintiff that he would need to provide the court with details about who fed him the meat, how often and for how long he was fed spoiled meat, which officials he told about the spoiled meat and his reaction to it and what, if anything, those officials did about it. Id.

The court also explained that the plaintiff's claim that he told a member of the jail staff that he might have food poisoning, but that the staff member did nothing, did not state a claim because a single incident of food poisoning was not an objectively serious medical condition. Id. at 8.

The court explained to the plaintiff that he could not sue the Kenosha County Detention Center or the Kenosha County Jail. Id. at 8–9. The court also told the plaintiff that any claim against Kenosha County itself would have to be

based on a custom, policy or practice, id. at 9, and that any claim against a supervisor, such as the sheriff or jail administrator, would have to be based on the supervisor's personal involvement in an alleged constitutional deprivation, id. at 9–10. The court told the plaintiff that he had not stated a claim against a defendant by the name of Shelby because the plaintiff's allegations about discarded grievances rose only to the level of negligence, not a constitutional violation. Id. at 10.

The court speculated that the plaintiff might have a claim against the food service provider, because he'd alleged that the provider knew the meat was bad. Id. The court told the plaintiff, however, that it needed more information—with whom did he speak at the food service provider? Who told him that the food service provider knew the meat was bad? When? The court said it would give the plaintiff the opportunity to amend his complaint to provide this information. Id. at 11. It explained to the plaintiff in detail what he needed to do to amend the complaint. Id.

The court gave the plaintiff a deadline of April 10, 2020 by which to file the amended complaint and told the plaintiff that if it did not receive the amended complaint by the end of the day on that date, it would dismiss the case for failure to state a claim and issue him a strike. Id. at 16-17.

On April 10, 2020—the deadline the court had set for the plaintiff to file the second amended complaint—the court received two documents from the plaintiff. He titled the first "Motion for Time to File Amended Complaint Motion for Extension of Time to File an Amended Complaint;" it was dated April 8,

Case 2:18-cv-01980-PP   Filed 01/20/21   Page 3 of 8   Document 19

2020. Dkt. No. 16. The plaintiff asked the court to let him file his amended complaint "and motions for this case" and to "allow an extension of time." Id. The plaintiff reiterated that he was representing himself and said that he needed to "figure out what to do, consult with a jailhouse lawyer who is not a real lawyer, he has a mental illness, and is physically disabled." Id. He asserted that these were good reasons to extend the time from April 10, 2020 "to the day this, the amended complaint, certificate of service, motion to leave court to file amended complaint and motion for extension of time to file an amended complaint is received in the mail." Id.

The plaintiff titled the second document "Motion for Leave to File an Amended Complaint Plaintiff Request Leave of the Court to File an Amended Complaint." Dkt. No. 17. The plaintiff also dated this document April 8, 2020; in it, he asked leave of the court "to file an amended complaint to fix the previous one for failure to state a claim and fix the complaint, by adding new and proper claims to this action and John Doe defendants, and to fix original complaint which failed to state a claim." Id. The plaintiff cited Federal Rule of Civil Procedure 15 and case law indicating that a plaintiff must seek leave of the court to file an amended complaint. Id. The plaintiff attached to this motion the proposed—and rejected—amended complaint he'd filed in September 2019. Dkt. No. 17-1. The only difference between the April 2020 proposed amended complaint and the September 2019 proposed amended complaint is that someone scratched out the date in the signature block and changed it to April 8, 2020. Id. at 6.

The court will deny both motions as moot because they weren't necessary. The court told the plaintiff in its March 11, 2020 order that he must file his second amended complaint by April 10, 2020. Dkt. No. 15. He did that—the court received the plaintiff's proposed amended complaint (dkt. no. 17-1) on April 10, 2020. So the plaintiff did not need more time to file the second amended complaint (although because he dated it only two days before the deadline, he may have thought it would take longer to reach the court than it did). Nor did he need the court's permission to file a complaint that the court ordered him to file. The amended complaint at Dkt. No. 17-1 was timely filed and the court will screen it.

The proposed amended complaint the court received on April 10, 2020, however, is identical to the September 2019 amended complaint that the court concluded violated Fed. R. Civ. P. 18 and 20 and federal case law because it brought multiple claims that could not be brought in the same lawsuit. It was not a proper complaint then, and it is not a proper complaint now. The court also notes that this amended complaint names both the Kenosha County Jail and Kenosha County Detention Center as defendants, dkt. no. 17-1 at 1, even though the court explained to the plaintiff that those entities could not be sued under §1983, dkt. no. 15 at 8–9.

The proposed amended complaint contains a set of allegations relating to sexual harassment and a set of allegations relating to being served spoiled meat. The plaintiff is proceeding on his sexual harassment claims in 19-cv-1985, so the court will sever—and dismiss—the improperly joined claims and

defendants. See Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Turning to the allegations concerning spoiled meat, the plaintiff has not cured the defects in his original complaint. He has not provided any more information than he provided in his original complaint, which the court found was insufficient. The court gave the plaintiff specific instructions: "If the plaintiff wishes to proceed on this claim, he must file an amended complaint explaining who fed him the spoiled meat, how many times or over what period he was fed spoiled meat, who he told, and what (if anything) they did about it." Dkt. No. 15 at 7.

The proposed amended complaint says only that the plaintiff and other inmates were "continuously fed spoiled meat products" in November and December 2015. Dkt. No. 17-1 at 5. He mentions telling one John Doe about it and another John Doe "later on" when that officer "came through to do his rounds." Id. It appears that the plaintiff complained to two officers during the same day. He then mentions filing a grievance and reiterates some allegations about his grievances being disposed of when he was transferred out of the facility. Id. He does not mention how many times he was served the meat or who served him the meat. For the same reasons the court concluded in its prior screening order that the original complaint failed to state a claim, the court finds that the amended complaint fails to state a claim. The court will dismiss the case for failure to state a claim and will assess a strike against the plaintiff.

The court **DENIES AS MOOT** the plaintiff's motion for an extension of time. Dkt. No. 16.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 17.

The court **DIRECTS t**he Clerk of Court docket the document at Dkt. No. 17-1 as the amended complaint.

The court **ORDERS** that the amended complaint, and this case, are **DISMISSED** for failure to state a claim for which a federal court may grant relief.

The court **ORDERS** the Clerk of Court to document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of January, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**